NO. 07-08-0142-CR, 07-08-0143-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2008
_____

CARLOS JOSE CORDOVA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 7397, 7398; HONORABLE LEE WATERS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant Carlos Jose Cordova filed his notices of appeal on March 28, 2008 from his convictions of the offense of aggravated robbery and the imposed concurrent sentences of forty-five years in the Institutional Division of the Texas Department of Criminal Justice. On February 29, 2008, the trial court filed its certifications representing that appellant has the right of appeal. However, the appellate record reflects that appellant failed to sign the certifications as required under Texas Rules of Appellate Procedure

25.2(d).[1] *See* Tex. R. App. P. 25.2(d) (requiring the certification to be signed by appellant and a copy served on him).

Consequently, we abate the appeals and remand the causes to the 223rd District Court of Gray County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to determine whether appellant desires to prosecute the appeals and, if so, to obtain his signature on an amended trial court's certification for each cause.

If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by July 25, 2008.

Per Curiam

Do not publish.

---

[1] The record reflects that appellant's attorney also failed to sign the trial court's certification of defendant's right of appeal.